IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONNA L. BERNSTEN,

    Plaintiff,

  v.

DOLLAR TREE STORES, INC., a Virginia Corporation,
and DOUGLAS IVAN DE LEON,

    Defendants.

No. CV 05-1964-MO

OPINION AND ORDER

**MOSMAN, J.,**

    In this action, plaintiff Donna L. Bernsten filed a myriad of claims under federal and state law against her former employer Dollar Tree Stores, Inc. ("Dollar Tree") and former supervisor Douglas Ivan De Leon. Those claims include race/national origin, age, and sex discrimination, retaliation, hostile work environment, quid pro quo sexual harassment, wrongful discharge, reckless and intentional infliction of emotional distress, intentional injury of an employee by an employer, willful and unprovoked aggression, and battery. Ms. Bernsten has since conceded her age discrimination claims, including her hostile work environment and retaliation claims that encompass that same conduct.

PAGE 1 - OPINION AND ORDER

Pending before the court is Dollar Tree's motion for summary judgment (#29) on all remaining claims filed by Ms. Bernsten. Mr. De Leon has neither moved for summary judgment nor joined Dollar Tree's pending motion. For the reasons stated below, Dollar Tree's motion is DENIED as to Ms. Bernsten's quid pro quo sexual harassment claim and is GRANTED on all remaining claims against Dollar Tree.

## BACKGROUND

Ms. Bernsten began working for Dollar Tree as an assistant manager in its Newport, Oregon store in July 2003. A few months later, Christina Gurney, the store manager, was demoted to assistant manager by Deb Durrant, the district manager, who oversaw operations at the Newport store. Ms. Gurney was demoted in part for being rude and criticizing other employees. Ms. Bernsten had filed a complaint against Ms. Gurney for calling her pet names such as "bimbette." Following Ms. Gurney's demotion, she and Ms. Bernsten were peers; both were assistant managers and neither supervised the other. Douglas De Leon was then hired as the new store manager.

The two assistant managers did not have a good working relationship and consistently complained to Ms. Durrant about the other. Ms. Durrant also received several customer and employee complaints against Ms. Bernsten for failing to follow office procedure and for rude and unprofessional conduct. On at least three separate occasions, she was disciplined for such conduct.

On February 29, 2004, Ms. Bernsten's and Ms. Gurney's dislike for one another culminated in a loud and profane altercation, which was overheard by customers. On March 4, 2004, Ms. Durrant placed both employees on suspension and investigated the incident. On March 9, 2004, Ms. Durrant terminated Ms. Bernsten and Ms. Gurney for unprofessional conduct.

A day after their altercation, Ms. Bernsten filed another complaint against Ms. Gurney. In this complaint, Ms. Bernsten, for the first time, alleged harassment based on a protected class.

She complained that she overheard Ms. Gurney call Native Americans slow, stupid, fat, or lazy. Ms. Bernsten is Native American. After her termination, Ms. Bernsten filed complaints against Mr. De Leon, alleging that he had sexually harassed and assaulted her at work and that he had raped her in her home. At no time during her employment did Ms. Bernsten use Dollar Tree's reporting procedures to complain of Mr. De Leon's conduct.

On December 30, 2005, Ms. Bernsten filed suit against Dollar Tree and Mr. De Leon. Now before the court is Dollar Tree's motion for summary judgment, and Ms. Bernsten motions to strike.

## STANDARD OF REVIEW

Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The court views the record in a light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). If the movant initially shows that no genuine issue exists for trial, the non-movant cannot then rest on the pleadings but must respond with evidence setting "forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). When "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (internal quotation marks and citation omitted).

## DISCUSSION

Before turning to the merits of Dollar Tree's motion for summary judgment, the court addresses Ms. Bernsten's motions to strike.

I.      Motions to Strike

Ms Bernsten has filed two motions to strike. In her first motion (#55), she seeks to strike Exhibit A of Patricia Doss's declaration in support of Dollar Tree's motion for summary

judgment as inadmissible hearsay.  Exhibit A is a collection of third-party complaints filed by customers and coworkers against Ms. Bernsten, which were taken from her personnel file.  Ms. Bernsten argues these complaints are out-of-court statements offered to prove the truth of the matter asserted.  The court disagrees.  These third-party complaints are offered for the non-hearsay purpose of showing that management had received complaints about Ms. Bernsten.  As such, they are relevant to demonstrate Dollar Tree's nondiscriminatory intent when it fired her.  *See Haddad v. Lockheed Cal. Corp.*, 720 F.2d 1454, 1456 (9th Cir. 1983) (third-party complaints are relevant to show the defendant's nondiscriminatory purpose).  Ms. Bernsten's motion to strike Exhibit A is therefore DENIED.

Ms. Bernsten's second motion to strike (#85) seeks to strike: (1) Exhibits 1-4 in Carol Noonan's supplemental declaration in support of Dollar Tree's reply brief; and (2) paragraphs 21, 25, and 27 in Dollar Tree's reply to her concise statement of facts.  Exhibits 1-4 of Ms. Noonan's supplemental declaration are deposition excerpts from Ms. Bernsten, Ms. Durrant, Mr. De Leon, and Ms. Gurney.  Paragraphs 21, 25, and 27 are responsive to Ms. Bernsten's concise statement of material facts as to how, when, and why she did or did not file complaints against Mr. De Leon and Ms. Gurney.

Ms. Bernsten contends this court must strike these exhibits and paragraphs because they are new evidence, and because she has not had an opportunity to respond.  Again, the court disagrees.  These exhibits and paragraphs neither constitute new evidence nor do they improperly raise new issues in reply.  They are merely responsive to issues Ms. Bernsten raised in her response and may be considered by the court.  *See El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1040 (9th Cir. 2003) (a court may consider issues and evidence responsive to issues raised in a party's response).  Accordingly, Ms. Bernsten's second motion to strike (#85) is DENIED.

II.     Motion for Summary Judgment

     A.     Discrimination Claims

Ms. Bernsten's discrimination claims under Title VII, 42 U.S.C. § 1981, and Or. Rev.

Stat. § 659A.030 are subject to the same legal standards, and facts sufficient to give rise to one claim are sufficient to give rise to all. *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994); *Jurado v. Eleven-Fifty Corp.*, 813 F.2d 1406, 1412 (9th Cir. 1987); *Henderson v. Jantzen, Inc.*, 719 P.2d 1322, 1324 (Or. Ct. App. 1986) (the standard used to establish a prima facie case of discrimination under Oregon and federal law is essentially identical).

To survive summary judgment on these claims, Ms. Bernsten must first establish a prima facie case of discrimination based on her termination. *Wallis*, 26 F.3d at 889. This requires her to show that: (1) she belongs to a protected class; (2) she was performing according to her employer's legitimate expectations; (3) she suffered an adverse employment action; and (4) similarly situated employees, outside her protected class, were treated more favorably. *Vasquez v. County of L.A.*, 349 F.3d 634, 640 n.5, 641 (9th Cir. 2003). The requisite degree of proof to establish a prima facie claim of discrimination is "minimal and does not even need to rise to the level of a preponderance." *Wallis*, 26 F.3d at 889.

If Ms. Bernsten establishes a prima facie case, unlawful discrimination will be presumed, and Dollar Tree must rebut the presumption of unlawful discrimination by offering evidence of a legitimate, nondiscriminatory reason for its employment decision. *Id.* The court need not be persuaded by its proffered reasons. *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981). Once asserted, the burden shifts back to Ms. Bernsten to show that Dollar Tree's offered reason was a pretext for discrimination. *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998). The ultimate burden of persuasion that Dollar Tree intentionally discriminated against her remains at all times with Ms. Bernsten. *Id.*

1. Prima Facie Case of Discrimination

Dollar Tree argues Ms. Bernsten's prima facie case fails for two reasons. First, it asserts Ms. Bernsten's altercation with Ms. Gurney demonstrates that she was not performing her job according to its legitimate expectations. However, Mr. De Leon, her immediate supervisor, stated in his deposition that she was adequately performing her duties. The court finds this

showing sufficient to meet the required degree of proof as to that element. *See Wallis*, 26 F.3d at 889 (requisite degree of proof is minimal).

Second, Dollar tree contends there is no evidence that similarly situated employees outside Ms. Bernsten's protected class were treated more favorably. Employees are similarly situated if they have similar jobs and display similar conduct. *Vasquez*, 349 F.3d at 641. Here, Ms. Bernsten and Ms. Gurney were both assistant managers at the same store. Additionally, both engaged in and displayed not only similar, but the same, unprofessional conduct, which led to their suspension and ultimate discharge. Ms. Bernsten has simply not alleged that any other employees, who were similarly situated and who displayed similar conduct, were treated more favorably. Accordingly, Ms. Bernsten has failed to establish a prima facie case of discrimination.

Because the degree of proof is so low at this stage, the court makes the additional alternative findings regarding Dollar Tree's legitimate, nondiscriminatory reason for Ms. Bernsten's termination and her showing of pretext.

### 2. Nondiscriminatory Reason/Showing of Pretext

Dollar Tree submits it discharged Ms. Bernsten for unprofessional conduct, arising from the loud and profane altercation she had with Ms. Gurney. Ms. Bernsten argues Dollar Tree's legitimate, nondiscriminatory reason is pretextual because she did not have an altercation with Ms. Gurney. In fact, Ms. Bernsten outright "denies that she had an altercation with Ms. Gurney."

Ms. Bernsten can prove pretext either (1) indirectly, by showing that Dollar Tree's proffered explanation is unworthy of credence because it is internally inconsistent or otherwise not believable, or (2) directly, by showing that unlawful discrimination more likely motivated Dollar Tree. *Godwin*, 150 F.3d at 1220. Indirect evidence of pretext must be "specific" and "substantial" in order to create a triable issue as to whether the employer's proffered reasons were not the actual motive because they are inconsistent or unbelievable. *Id.* at 1222. The use of indirect and direct evidence is not exclusive, and a combination of the two may be used to defeat summary judgment. *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1127

PAGE 6 - OPINION AND ORDER

(9th Cir. 2000).

In this case, Ms. Bernsten has not provided any direct proof of pretext, and her only indirect proof of pretext is her general denial that she did not have an altercation with Ms. Gurney. That denial is contrary to the record before the court. Moreover, her general denial is neither specific nor substantial enough to call Dollar Tree's proffered reason for her discharge into question as inconsistent or unbelievable, where Ms. Gurney, who was also terminated, discusses the altercation in her deposition.

Accordingly, Ms. Bernsten has failed to met her burden of persuasion that Dollar Tree intentionally discriminated against her. Dollar Tree's motion for summary judgment is therefore GRANTED as to Ms. Bernsten's discrimination claims.

B.     Hostile Work Environment Claims

Generally, hostile work environment claims are predicated on harassment that creates an abusive or hostile working environment for minority members. *Meritor Sav. Bank FSB v. Vinson*, 477 U.S. 57, 67 (1986). Here, Ms. Bernsten alleges hostile work claims under both Title VII and Oregon law; her claims fall under two theories: (1) sex-based harassment involving her supervisor Mr. De Leon; and (2) Race/National Origin harassment involving derogatory statements made by fellow assistant manager Ms. Gurney.

Dollar Tree argues it is entitled to summary judgment on both of Ms. Bernsten's hostile work environment theories. Under *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 765 (1998), and *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998), Dollar Tree argues Ms. Bernsten's claims involving sex-based harassment fail because it exercised reasonable care to prevent and correct such behavior, and because Ms. Bernsten did not take advantage of preventative opportunities. Dollar Tree contends Ms. Bernsten's race/national origin harassment claims fail because Ms. Gurney's alleged conduct was not sufficiently severe or pervasive to constitute a hostile work environment. These theories are addressed individually below.

PAGE 7 - OPINION AND ORDER

1.      Sex-Based Hostile Work Environment Claims

In *Ellerth* and *Faragher*, the Supreme Court held that an employer may raise an affirmative defense to damages or liability when subject to vicarious liability for the actions of a supervisor with immediate authority over an employee. *Ellerth*, 524 U.S. at 765; *Faragher*, 524 U.S. at 807. That defense is subject to proof by a preponderance of the evidence and consists of two necessary elements: (1) "that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior;" and (2) "that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Ellerth*, 524 U.S. at 765. However, the defense is not available if the "supervisor's harassment culminates in a tangible employment action, such as, discharge, demotion, or undesirable reassignment." *Id.*

Thus, before the court can analyze whether Dollar Tree has successfully raised the *Ellerth/Faragher* defense, it must determine whether that defense is available as to these claims. At this stage, it is important to note that although her discharge is a tangible employment action, *see id.* (tangible employment action includes being fired), Ms. Bernsten does not challenge the defense's availability. She argues only that "Dollar Tree has failed to prove its affirmative defense." In any event, the court holds that the defense is available to Dollar Tree as to these claims. As the Ninth Circuit has explained, the *Ellerth/Faragher* affirmative defense is available even though a plaintiff was fired if she cannot link her termination to the sexual harassment complained of. *See Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 962-63 (9th Cir. 2004); *Nichols v. Azteca Rest. Enters., Inc.*, 256 F.3d 864, 877 (9th Cir. 2001)

In *Nichols*, the plaintiff sued his former employer for a hostile work environment resulting from sexual harassment and retaliation. The Ninth Circuit held that although the plaintiff was fired, the employer defendant was entitled to use the *Ellerth/Faragher* affirmative defense of reasonable care. *Nichols*, 256 F.3d at 877. The court reasoned that the plaintiff's failure to establish a connection between his alleged harassment and his discharge permitted the

PAGE 8 - OPINION AND ORDER

employer defendant to assert the affirmative defense. *Id.* at 877-78. In *Elvig*, the court followed its reasoning in *Nichols*, holding that it "must ignore actions by the employer that the plaintiff cannot link to the [] harassment." 375 F.3d at 963.

Here, Ms. Bernsten has likewise failed to establish that her termination was related to any harassment or complaints thereof. Ms. Durrant, the district manager, discharged Ms. Bernsten for her unprofessional conduct involving Ms. Gurney. Mr. De Leon's alleged sexual harassment did not culminate in Ms. Bernsten's discharge. She did not complain of the sexual harassment until after she was fired. As such, Dollar Tree is entitled to the *Ellerth/Faraher* affirmative defense as to these claims.

Having decided the issue of availability, the court further holds that Dollar Tree has successfully established the *Ellerth/Faraher* affirmative defense, precluding its liability for these claims. Dollar Tree acted reasonably to prevent sexually and racially harassing behavior. During the relevant time period, it had a written anti-harassment policy that: (1) defined sexual and racial harassment; (2) set forth reporting procedures; (3) stated that violator's would be disciplined; and (4) assured employees that retaliation for making such complaints would not occur. *See Ellerth*, 524 U.S. at 765 (an employer's stated anti-harassment policy is at the heart of the first element of the defense); *Nichols*, 256 F.3d at 877 (finding a similar policy sufficient to establish an affirmative defense as to whether the employer acted reasonably to prevent sexual harassment). Ms. Bernsten acknowledged she received and understood Dollar Tree's anti-harassment policy and reporting procedures. Moreover, Ms. Bernsten's previous use of Dollar Tree's reporting procedures, which led to Ms. Gurney's demotion, sufficiently establishes that Dollar Tree used reasonable care to promptly correct known harassing behavior.

Additionally, Ms. Bernsten, by her own admission, failed to use Dollar Tree's complaint procedures to report Mr. De Leon's alleged assaults or harassment until after she was discharged. *See Ellerth*, 524 U.S. at 765 (an employee's failure to use an employer's complaint procedure satisfies the employer's burden on the second element of the defense).

PAGE 9 - OPINION AND ORDER

Therefore, the court GRANT's Dollar Tree's motion for summary judgment as to Ms. Bernsten's hostile work environment claims based on Mr. De Leon's conduct.

        2.        Race/National Origin Hostile Work Environment Claims

Under this theory, Ms. Bernsten must establish that Ms. Gurney's derogatory statements were so severe and pervasive that it altered the conditions of her employment and created an abusive working environment.[1] *Meritor Sav. Bank FSB*, 477 U.S. at 67; *Kortan v. Cal. Youth Auth.*, 217 F.3d 1004, 1110 (9th Cir. 2000). Courts are to determine whether an environment is sufficiently hostile or abusive by "looking at all the circumstances, including the 'frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Faragher*, 524 U.S. at 787-88 (quoting *Harris v. Forklift Sys, Inc.*, 510 U.S. 17, 23 (1993). However, "isolated comments or sporadic incidents of harassment are insufficient to create a hostile work environment." *Scott*, 395 F. Supp. 2d at 980.

Here, Ms. Bernsten alleges Ms. Gurney called her "bimbette," stupid or incompetent, and a "fat, lazy Indian" "a couple of times." While these terms are generally mean and offensive, only those derogatory comments directed at Ms. Bernsten's status as a member of a protected class are actionable under this claim. *See Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80-81 (1998) (Title VII is not a general civility code and does not prohibit all verbal or physical harassment in the workplace); *see also Kortan*, 217 F.3d at 1110 (derogatory comments not directed at plaintiff's class did not constitute hostile work environment). It is worth reemphasizing that while referring to Ms. Bernsten as a "fat, lazy Indian" is disrespectful and offensive, the fact that it only occurred a couple of times over the course of a year precludes this

---

[1] As previously noted under Ms. Bernsten's discrimination claims, case law used by federal courts to interpret Title VII may also be used to interpret Or. Rev. Stat. § 659A.030 because the statutory schemes are similar, and because Or. Rev. Stat. § 659A.030 was patterned after Title VII. *Scott v. Sears, Roebuck & Co.*, 395 F. Supp. 2d 961, 980 n.7 (D. Or. 2005).

PAGE 10 - OPINION AND ORDER

court from finding Ms. Gurney's conduct so pervasive and severe that it created a hostile work environment. *See Faragher*, 524 U.S. at 787-88; *Vasquez*, 349 F.3d at 644 (two racist remarks within six months as well as negative comments in front of others and continual, false complaints over the course of a year did not constitute a hostile work environment).

As such, Dollar Tree's motion is GRANTED as to Ms. Bernsten's race/national origin hostile work environment claims.

      C.      Quid Pro Quo Sexual Harassment Claims

Dollar Tree argues it cannot be held vicariously liable for Ms. Bernsten's quid pro quo sexual harassment claims because: (1) Mr. De Leon, Ms. Bernsten's supervisor, did not subject her to an unlawful tangible employment action; and (2) it is entitled to and has successfully established the affirmative defense of reasonable care under *Ellerth/Faragher*.

As noted above, Dollar Tree may be held vicariously liable and will not be entitled to the affirmative defense of reasonable care if her supervisor Mr. De Leon, as Ms. Bernsten alleges, subjected her to a tangible employment action. *See Ellerth*, 524 U.S. at 765; *Faragher*, 524 U.S. at 807.

Contrary to Dollar Tree's position, the issue for this particular claim is not whether Ms. Bernsten's actual termination was a tangible employment action. In this claim, Ms. Bernsten alleges Mr. De Leon threatened her with discharge if she did not comply with his demands to not complain of his alleged sexual assaults. The issue, therefore, is whether Mr. De Leon's threats that Ms. Bernsten would lose her job if she complained of his unwanted sexual demands constitutes a tangible employment action. The court holds that it does.

In *Holly D. v. California Institute of Technology*, 339 F.3d 1158 (9th Cir. 2003), the Ninth Circuit addressed a similar question involving a similar claim for quid pro quo sexual harassment. The issue in *Holly D.* was "whether a 'tangible employment action' occurs when the supervisor threatens the employee with discharge and, in order to avoid the threatened action, the employee complies with the supervisor's demands." *Id.* at 1167. In following the Second

Circuit, the court found that a tangible employment action included such conduct.[2]  *Id.* at 1171.  Specifically, the court held that

> when [] the victim submits to her supervisor's demands and is hired, promoted, not fired, or not demoted *because* she has been successfully coerced into engaging in sexual acts with him, she is also directly injured by the employment action.

*Id.* (emphasis in original).  The court reasoned that the "physical and emotional damage resulting from performance of unwanted sexual acts as a condition of employment-is as tangible as an injury can be."  *Id.*

Mr. De Leon's threats implicitly conditioned Ms. Bernsten's continued employment on her participation in the unwanted sexual acts.  *See id.* at 1173 (implicit demand arises when "the supervisor's words or conduct would communicate to a reasonable woman in the employee's position that such participation is a condition of employment").  As *Holly D* explains, for an implicit claim of quid pro quo sexual harassment, "[i]t is enough that the individual making the unwelcome sexual advance was plaintiff's supervisor, and that a link to employment benefits could [reasonably] be inferred under the circumstances."  *Id.*

As such, Dollar Tree is not entitled to the *Ellerth/Faragher* affirmative defense as to these claims.  *See Ellerth*, 524 U.S. at 765; *Faragher*, 524 U.S. at 807.  Moreover, a reasonable trier of fact could find that Mr. De Leon's conduct would communicate to a reasonable woman in Ms. Bernsten's situation that her participation in the unwanted sexual acts was a condition of her employment.  Dollar Tree's motion is therefore DENIED as to Ms. Bernsten's quid pro quo sexual harassment claim.

    D.    Retaliation Claims

Title VII and Oregon law prohibit retaliation against employees who oppose discriminatory employment practices.  42 U.S.C. § 2000e-3(a); Or. Rev. Stat. § 659A.030(1)(f).

---

[2] The Second Circuit reached the same conclusion in *Jin v. Metro Life Insurance Co.*, 310 F.3d 84, 93 (2nd Cir. 2002).

If Ms. Bernsten can establish a prima facie case of retaliation by showing that: "(1) she engaged in a protected activity; (2) she was subjected to an adverse employment action; and (3) there was a causal link between the protected activity and the adverse employment action," the court employs the same burden-shifting analysis discussed above under her discrimination claims. *Jamal v. Wilshire Mgmt. Leasing Corp.*, 320 F. Supp. 2d 1060, 1078 (D. Or. 2004); *see also Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1090-94 (9th Cir. 2001) (burden-shifting analysis applies to claims brought under Or. Rev. Stat. § 659A.030); *Harris v. Pameco Corp.*, 12 P.3d 524, 533 (Or. Ct. App. 2000) (a plaintiff seeking to establish a prima facie case of retaliation under Or. Rev. Stat. § 659A.030(1)(f) must establish the same elements as are required under Title VII).

Dollar Tree asserts Ms. Bernsten cannot establish a prima facie case of retaliation because she has failed to show a causal link between her engagement in a protected activity, complaining of sexual harassment and race discrimination, and the adverse employment action, her discharge.

To establish causation, Ms. Bernsten must show by a preponderance of the evidence that her complaints of discrimination and harassment was one of the reasons for her firing and that but for her complaints she would not have been fired. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064-65 (9th Cir. 2002). Ms. Bernsten cannot establish a causal link between complaints of sexual harassment and her termination. She did not complain of sexual harassment until after she was fired. However, causation may be loosely inferred regarding her complaints of race discrimination because her discharge came just days after her complaints of race discrimination, *see id.* at 1065 ("causation can be inferred from timing alone where an adverse employment action follows on the heels of protected activity"). Yet, this timing alone is insufficient to create a genuine issue of material fact of pretext concerning Dollar Tree's legitimate, nondiscriminatory reason for her discharge. *See Hashimoto v. Dalton*, 118 F.3d 671, 680 (9th Cir. 1997) (timing alone will not refute employer's proffered legitimate, nondiscriminatory reason for termination); *Williams v. Federal Express Corp.*, 211 F. Supp. 2d

PAGE 13 - OPINION AND ORDER

1257, 1266 (D. Or. 2002) (proximity in time is insufficient to show pretext); *Brunick v. Clatsop County*, 129 P.3d 738, 747 (Or. Ct. App. 2006) (timing alone cannot support an inference of retaliation).

As previously indicated, Dollar Tree proffers it terminated Ms. Bernsten for unprofessional conduct, arising from her altercation with Ms. Gurney. Ms. Bernsten contends this explanation is pretextual because: (1) her discharge closely followed her complaints of discrimination; and (2) she "was [not] involved in an altercation with Ms. Gurney." As already noted, Ms. Bernsten's denial of the altercation is simply not supported by the record. Both Ms. Bernsten and Ms. Gurney discussed the altercation in their respective depositions.[3]

In any event, neither the timing of her discharge in relation to her complaints of discrimination nor her general denial of the altercation with Ms. Gurney are specific and substantial evidence sufficient to create a triable issue regarding Dollar Tree's proffered reason for Ms. Bernsten's discharge. *See Godwin*, 150 F.3d at 1220.

Accordingly, the court GRANTS Dollar Tree's motion for summary judgment as to Ms. Bernsten's retaliation claims.

E.   Wrongful Discharge Claim

Under Oregon law, an employer may discharge an employee at any time for any reason unless doing so violates a contractual, statutory, or constitutional requirement. *Simpson v. W. Graphics Corp.*, 643 P.2d 1276, 1278 (Or. 1982). The tort of wrongful discharge is a narrow exception to this general rule. *Sheets v. Knight*, 779 P.2d 1000, 1006 (Or. 1989), *abrogated on other grounds by McGanty v. Staudenraus*, 901 P.2d 841 (Or. 1995). The underlying purpose of the tort is to provide a remedy when the conduct in question is unacceptable and no other remedy is available. *Draper v. Astoria Sch. Dist. No. 1C*, 995 F. Supp. 1122, 1130-31 (D. Or. 1998), *abrogated on other grounds by Rabkin v. Or. Health Sci. Univ.*, 350 F.3d 967 (9th Cir. 2003).

---

[3]Ms. Bernsten describes the altercation as an "incident" in her deposition.

PAGE 14 - OPINION AND ORDER

The tort has been recognized in two circumstances: (1) discharge for exercising a job-related right of important public interest, i.e., filing a worker's compensation claim or resisting sexual harassment; and (2) discharge for complying with a public duty, i.e., serving on jury duty or reporting patient abuse at a nursing home. *Holien v. Sears, Roebuck & Co.*, 689 P.2d 1292, 1297 (Or. 1984).

Similar to her retaliation claims, Dollar Tree asserts Ms. Bernsten's claim for wrongful discharge must fail because she cannot establish a causal connection between her discharge and her engagement in a protected activity, complaining of discrimination.[4]

To establish the requisite causal connection for her claim of wrongful discharge, Ms. Bernsten must show that her complaints of discrimination were a substantial factor in the motivation to fire her. *Estes*, 954 P.2d at 797. The crux of this standard "is whether, in the absence of the discriminatory motive, the employee would have been treated differently." *Hardie v. Legacy Health Sys.*, 6 P.3d 531, 538 (Or. Ct. App. 2000), *partially superseded by statute on other grounds*.

In *Estes*, the plaintiff brought a claim for wrongful discharge, claiming that her position was eliminated in retaliation for engaging in protected activities. *Estes*, 954 P.2d at 793. Defendant moved for summary judgment, which the trial court granted. *Id.* The trial court concluded that a reasonable trier of fact could not find the plaintiff was discharged for her alleged protected activities rather than because of legitimate budgetary concerns as proffered by the

---

[4]While Dollar Tree collapses Ms. Bernsten's retaliation and wrongful discharge claims into one analysis because both require a causal connection between the protected activity and the discharge, it is important to note that the evidentiary standard a plaintiff must show to survive summary judgment is different under each claim.
  For a claim of retaliation, a plaintiff need only present evidence "sufficient to raise the inference that her protected activity was the *likely reason*" for her discharge. *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982) (emphasis added).
  For a claim of wrongful discharge, a plaintiff must show the protected activity was a "*substantial factor*" in the motivation to fire her, meaning it was "'*a factor that made a difference* in the discharge decision.'" *Estes v. Lewis & Clark College*, 954 P.2d 792, 797 (Or. Ct. App. 1998) (emphasis added).

PAGE 15 - OPINION AND ORDER

defendant. *Id.* That decision was upheld on appeal. *Id.* at 800.

The appellate court rejected the plaintiff's contentions that a reasonable trier of fact could find that the defendant's proffered reason for her discharge was pretextual and that her engagement in the protected activities was a substantial factor in her discharge. *Id.* at 798-99. Regarding pretext, the court reasoned that a reasonable juror could not dispute the legitimacy of the budgetary concerns on the basis of the plaintiff's unsubstantiated and undocumented opinion that such concerns were flawed or improperly motivated. *Id.* at 798. Regarding her protected activities, the court reasoned that even assuming the defendant was wrongfully motivated, the evidence was insufficient to permit a reasonable juror to infer that it was a factor that made a difference. *Id.* at 798-99.

As applied to this case, Ms. Bernsten has provided no evidence from which a reasonable trier of fact could infer that Dollar Tree's grounds for her discharge were pretextual or that her discrimination complaints were the factor that made the difference. *See Hardie,* 6 P.3d at 538; *Estes*, 954 P.2d at 797-98. She offers the same insufficient rebuttal as the plaintiff did in *Estes* - only her opinion that Dollar Tree's legitimate, nondiscriminatory reason for her discharge is pretextual. *Estes*, 954 P.2d at 797-98. Dollar Tree's motion is therefore GRANTED as to Ms. Bernsten's wrongful discharge claims.

F.  State Law Tort Claims

Finally, Dollar Tree moves for summary judgment on Ms. Bernsten's state law claims for reckless and intentional infliction of emotional distress, battery, intentional injury, and unprovoked aggression. Dollar Tree argues Ms. Bernsten has failed to make the requisite showing to hold it vicariously liable for the allegedly tortious acts of Mr. De Leon and Ms. Gurney. Alternatively, Dollar Tree asserts that it cannot be held vicariously liable because: (1) the actual workplace conduct alleged by Ms. Bernsten is not sufficiently outrageous; and (2) Ms. Bernsten's claim for reckless infliction of emotional distress is barred by Oregon's workers' compensation laws.

To hold Dollar Tree vicariously liable on these claims, Ms. Bernsten must show: (1) Mr. De Leon's and Ms. Gurney's alleged tortious acts "occurred substantially within the time and space limits authorized by their employment;" (2) they were motivated, at least partially, by a purpose to serve Dollar Tree; and (3) their acts are of a kind which they were hired to perform. *Minnis v. Or. Mut. Ins. Co.*, 48 P.3d 137, 142 (Or. 2002).

The conduct underlying the alleged tortious acts includes both Mr. De Leon's sexual harassment, consisting of verbal and physical sexual harassment, and Ms. Gurney's derogatory comments. However, Mr. De Leon's act of entering Ms. Bernsten's home and sexually assaulting her there on various occasions is outside the scope of his employment with Dollar Tree. *See Chesterman v. Barmon*, 753 P.2d 404, 406 (Or. 1988) (as a matter of law, act of entering plaintiff's house and sexually assaulting plaintiff is outside the scope of employment). As such, the court's analysis focuses on Mr. De Leon's sexual harassment and Ms. Gurney's derogatory comments, which occurred at work.

As to the first element, Ms Bernsten has raised a genuine issue of material fact. Ms. Bernsten has alleged, and Mr. De Leon does not dispute, that he kissed her and discussed sexual intercourse with her at work. Moreover, Dollar Tree does not dispute that Ms. Gurney made the derogatory comments while at work.

The focus of the court's inquiry for the second and third elements is "whether the employee engaged in conduct that was intended to serve the employer and that the conduct resulted in the acts that injured the plaintiff." *Vinsonhaler v. Quantum Residential Corp.*, 73 P.3d 930, 934 (Or. Ct. App. 2003); *see also Minnis*, 48 P.3d at 145 (focus directed at the conduct that the employee was hired to perform that arguably resulted in the acts that caused plaintiff's injury).

The Oregon Court of Appeals explained this standard in *Vinsonhaler*, where two assistant resident managers of an apartment complex, who were sexually harassed during the course of their employment by the former resident manager, sought to hold the defendant employer

PAGE 17 - OPINION AND ORDER

vicariously liable. 73 P.3d at 931. The court held that the defendant employer was not vicariously liable for the former employee's tortious acts. *Id.* at 934. The court reasoned that the plaintiffs presented no evidence that the former employee cultivated a relationship of trust that facilitated the tortious acts or that he had engaged in conduct of any sort that was intended to serve the defendant employer and that such conduct resulted in sexual harassment. *Id.* The court explained that the issue is whether the work that the former employee did for the defendant employer resulted in sexual harassment and not whether the former employee at some point during the day engaged in work for the defendant employer. *Id.* The fact that employment provided an opportunity to engage in tortious conduct is insufficient. *Id.*

Here, Ms. Bernsten has likewise presented no evidence that Mr. De Leon's and Ms. Gurney's alleged tortious acts were intended to serve Dollar Tree. Ms. Bernsten argues only that because the conduct occurred at work, Dollar Tree is vicariously liable. However, the fact that their employment provided them with the opportunity to engage in that conduct is insufficient to establish Dollar Tree's liability for their acts. *See id.* (as a matter of law, the fact that employment provided an opportunity to engage in tortious conduct is insufficient to establish the requisite nexus with employment). Additionally, their acts were unexpected. Ms. Bernsten did not report the sexual harassment until after she was terminated and only reported Ms. Gurney's actionable discriminatory comments after she had been suspended. *See Mains v. II Murrow, Inc.*, 877 P.2d 88, 92 (Or. Ct. App. 1994) (employer not vicariously liable if the act was unexpected in view of the employee's duties).

As such, Dollar Tree is NOT vicariously liable on these state law claims, and its motion for summary judgment on these claims is GRANTED.

Because the alleged tortious acts underlying Ms. Bernsten's state law claims are not attributable to Dollar Tree under a theory of respondeat superior, it is unnecessary to engage in Dollar Tree's alternative arguments.

CONCLUSION

Based on the foregoing, Ms. Bernsten's motions to strike are DENIED. Dollar Tree's motion for summary judgment is DENIED as to Ms. Bernsten's quid pro quo sexual harassment claim and is GRANTED as to all remaining claims against Dollar Tree.

IT IS SO ORDERED.

DATED this  6th  day of March, 2007.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court