IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONNA L. BERNTSEN,

      Plaintiff,

     v.

DOLLAR TREE STORES, INC., a Virginia Corporation,
and DOUGLAS IVAN DE LEON,

      Defendants.

No. CV 05-1964-MO

FINDINGS OF FACT
AND CONCLUSIONS OF LAW

**MOSMAN, J.,**

On July 12, 2007, a jury found Ms. Berntsen had failed to prove her claim against Dollar

Tree Stores for quid pro quo sexual harassment and her claims against Douglas De Leon for

battery and intentional infliction of emotional distress.  Remaining before the court is

Ms. Berntsen's state-statutory claim for quid pro quo sexual harassment under Or. Rev. Stat.

§ 659A.030(1)(a) and (b).  Pursuant to statute, this claim was tried to the court.

The deciding issue in this claim is whether a reasonable person in Ms. Berntsen's position

would have believed that her job depended on fulfilling her supervisor's sexual demands.

Based on the trial evidence, I find Ms. Berntsen did not meet her burden on this issue.

PAGE 1 - FINDINGS OF FACT AND CONCLUSIONS OF LAW

Throughout her employment with Dollar Tree Stores, Ms. Berntsen made numerous complaints against her former supervisor and coworker, Chris Gurney.  At times, Ms. Berntsen complained of various forms of harassment, and, as a result of these complaints, Ms. Gurney was demoted from store manager to assistant store manager.  Ms. Berntsen was therefore aware that her job did not depend on enduring her supervisor's harassment.  To the contrary, she was fully aware that Dollar Tree Stores took such complaints seriously as evidenced by Ms. Gurney's demotion.  Moreover, I find the testimony indicated that Ms. Berntsen knew that Dollar Tree store managers like Ms. Gurney and Douglas De Leon lacked the authority to terminate or otherwise demote employees under their supervision.  As such, I find, in accordance with the jury's verdict, Ms. Berntsen did not prove her state-law claim for quid pro quo sexual harassment by a preponderance of the evidence.

IT IS SO ORDERED.

DATED this   24th   day of July, 2007.


/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

PAGE 2 - FINDINGS OF FACT AND CONCLUSIONS OF LAW